IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIE MYLES, <br><br> Claimant, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Respondent. | No. 17 C 4884 <br><br> Magistrate Judge Jeffrey T. Gilbert |

## MEMORANDUM OPINION AND ORDER

Claimant Willie Myles ("Claimant") seeks review of the final decision of Commissioner of Social Security ("Commissioner"), denying Claimant's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income under Titles II and XVI of the Social Security Act ("Act"). Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. [ECF No. 7.] The parties have filed cross-motions for summary judgment [ECF Nos. 18, 26] pursuant to Federal Rule of Civil Procedure 56. This Court has jurisdiction pursuant to 42 U.S.C. §§ 1383(c) and 405(g). For the reasons stated below, Claimant's Motion for Summary Judgment [ECF No. 18] is granted and the Commissioner's Motion for Summary Judgment [ECF No. 26] is denied. This matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

### I. PROCEDURAL HISTORY

Claimant filed his claims for DIB and SSI on May 22, 2014, alleging disability beginning May 22, 2014. (R. 32.) The applications were denied initially and upon reconsideration, after which Claimant requested an administrative hearing before an administrative law judge ("ALJ").

(*Id.*) On August 26, 2016, Claimant, represented by counsel, appeared and testified at a hearing before ALJ Nathan Mellman. (R. 48–96.) The ALJ also heard testimony from vocational expert ("VE") Sarah Gibson. (*Id.*)

On January 12, 2017, the ALJ denied Claimant's claims for DIB and SSI, based on a finding that he was not disabled under the Act. (R. 32–42.) The opinion followed the five-step evaluation process required by Social Security Regulations. 20 C.F.R. § 404.1520. At step one, the ALJ found that Claimant had not engaged in substantial gainful activity ("SGA") since May 22, 2014, the alleged onset date. (R. 34.) At step two, the ALJ found that Claimant had the severe impairments of degenerative joint disease, spinal stenosis, lumbar radiculitis, and osteoarthritis "of the bilateral hands." (R. 35.) At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404 Subpart P., Appendix 1. (*Id.*) The ALJ then assessed Claimant's residual functional capacity ("RFC")[1] and concluded that Claimant had the residual functional capacity to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) with the following limitations:

> The Claimant can frequently climb ladders, ropes, or scaffolds. He can frequently crouch and kneel, and occasionally crawl. He can frequently handle objects with his left and right hand. The claimant must avoid extreme cold.

(R. 36.) At step four, the ALJ determined that Claimant was capable performing his past relevant work as a mortgage closing clerk. (R. 40.) Because of this determination, the ALJ found that Claimant was not disabled under the Act. (R. 41.) The Appeals Council declined to review the matter on April 28, 2017, making the ALJ's decision the final decision of the Commissioner and,

---

[1] Before proceeding from step three to step four, the ALJ assesses a claimant's residual functional capacity. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The RFC is the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008).

2

therefore, reviewable by this Court under 42 U.S.C. § 405(g). *See Haynes v. Baumhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. STANDARD OF REVIEW

A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). Under such circumstances, the district court reviews the decision of the ALJ. (*Id.*) Judicial review is limited to determining whether the decision is supported by substantial evidence in the record and whether the ALJ applied the correct legal standards in reaching his or her decision. *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009). The reviewing court may enter a judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 42 U.S. 389, 401 (1971). A "mere scintilla" of evidence is not enough. *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). Even where there is adequate evidence in the record to support the decision, the findings will not be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). In other words, if the Commissioner's decision lacks evidentiary support or adequate discussion of the issues, it cannot stand. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009). Though the standard of review is deferential, a reviewing court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). It may not, however, "displace the ALJ's judgment by reconsidering facts or evidence." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

# III. ANALYSIS

On appeal, Claimant alleges a number of errors. First, Claimant argues that the ALJ's RFC determination is not supported by substantial evidence. Second, Claimant contends that the ALJ failed to properly analyze whether any listing was satisfied. Third, Claimant asserts that the ALJ improperly assessed his subjective symptom statements and credibility. Finally, Claimant argues that the ALJ erred at step 4 in finding Claimant was capable of performing his past relevant work.

## A.     The RFC Determination

"The RFC is an assessment of what work-related activities the claimant can perform despite her limitations." *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); *see* 20 C.F.R. § 404.1545(a)(1) ("Your residual functional capacity is the most you can still do despite your limitations."); Social Security Ruling ("SSR")[2] 96-8p, at *2 ("RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities."). In assessing a claimant's RFC, "the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe," and may not dismiss evidence contrary to the ALJ's determination. *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009); *see also* 20 C.F.R. § 404.1545(a)(1) ("We will assess your residual functional capacity based on all relevant evidence in your case record."); SSR 96-8p, at *7 ("The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent

---

[2] SSRs "are interpretive rules intended to offer guidance to agency adjudicators. While they do not have the force of law or properly promulgated notice and comment regulations, the agency makes SSRs binding on all components of the Social Security Administration." *Nelson v. Apfel*, 210 F.3d 799, 803 (7th Cir. 2000); *see* 20 C.F.R. § 402.35(b)(1). Although the Court is "not invariably bound by an agency's policy statements," the Court "generally defer[s] to an agency's interpretations of the legal regime it is charged with administrating." *Liskowitz v. Astrue*, 559 F.3d 736, 744 (7th Cir. 2009).

with the medical and other evidence."). Although an ALJ is not required to discuss every piece of evidence, he must consider all of the evidence that is relevant to the disability determination and provide enough analysis in his decision to permit meaningful judicial review. *See Young,* 362 F.3d at 1002.

Here, the ALJ had before him RFC assessments from the state agency medical consultants and Dr. Elmes, the consultative examiner. The state agency medical consultants opined that Claimant could perform work at the medium exertional level with additional postural and manipulative limitations. Specifically, the consultants limited Claimant to frequent climbing of ladders, ropes, or scaffolds, frequent crouching and crawling, and occasionally kneeling. (R. 121, 131.) The ALJ gave these opinions only partial weight, finding the opinions inconsistent with the medical evidence because the consultants "failed to adequately consider the claimant's spinal impairment and the fact that it requires additional limitations." (R. 38.)

Dr. Elmes opined that Claimant could perform work at the light exertional level, but was limited to sitting six hours, standing two hours, and walking one hour in an eight-hour workday. (R. 610.) With respect to postural limitations, Dr. Elmes said that Claimant could occasionally climb ramps and stairs, occasionally balance and crouch, and could never climb ladders or scaffolds, kneel, or crawl. (R. 612.) The ALJ gave Dr. Elmes's opinion partial weight, reasoning that Dr. Elmes's findings were more consistent with lifting and carrying weight at the sedentary level, and stated that it was "apparent that [Dr. Elmes] has not adequately considered the effects of the claimant's degenerative disc disease, osteoarthritis of the bilateral hands, and the physical examinations that revealed joint pain and tenderness, occasions where he had an abnormal gait, positive straight leg tests, mild joint enlargement, and strength affected by the osteoarthritis." (R. 39.) The ALJ did not comment on the postural limitations Dr. Elmes included in his RFC

5

assessment.

While an ALJ is not required to fully adopt any physician's opinion in developing the RFC because developing the RFC is a fact-finding task assigned to the ALJ, the ALJ's RFC assessment must contain a narrative discussion describing how the evidence supports the ALJ's conclusions and explaining why any medical source opinion was not adopted if the ALJ's RFC assessment conflicts with such an opinion. *Burke v. Colvin*, 2013 WL 5288155, at *14 (N.D. Ill. Sept. 17, 2013); SSR 96-8p, at *7 ("RFC assessment must include a narrative discussion describing how the evidence supports a conclusion, citing specific medical facts."). The omission of a narrative discussion is sufficient to warrant reversal of the ALJ's decision. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005) (reversing for ALJ's failure to explain how he determined RFC limitations). Further, "[a]n ALJ must not substitute his own judgment for a physician's opinion without relying on other medical evidence or authority in the record." *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000); *Scott v. Astrue,* 647 F.3d 734, 740 (7th Cir. 2011) ("ALJ did not identify any medical evidence to substantiate her belief that [claimant] is capable of meeting those physical requirements."); *Blakes ex rel. Wolfe v. Astrue,* 331 F.3d 565, 570 (7th Cir. 2003) (finding an ALJ improperly "play[s] doctor" when he makes a medical conclusion without expert evidence). Likewise, "ALJ's are not permitted to construct a 'middle ground' RFC without a proper medical basis." *Norris v. Astrue*, 776 F. Supp. 2d 616, 637 (N.D. Ill. 2001).

Here, the ALJ declined to adopt the postural limitations assessed by Dr. Elmes, and instead concluded that Claimant could frequently climb ladders, ropes, or scaffolds, frequently crouch and kneel, and occasionally crawl. (R. 36.) The ALJ included no limitations about climbing stairs or balancing in his RFC determination. After largely discrediting the opinions of Dr. Elmes and the state agency physicians, the ALJ was then required to call a medical expert or, alternatively,

explain what other medical basis he relied on in making Claimant's RFC determination. *Bailey v. Barnhart*, 473 F. Supp. 2d 822, 838–39 (N.D. Ill. 2006). It is not clear what medical evidence the ALJ relied on to support the less restrictive postural limitations included in the RFC because he did not articulate those grounds in his decision. Without more, the Court can only assume that the ALJ was relying on his own opinion. *See Norris*, 776 F. Supp. 2d at 638. Because the ALJ failed to build "an accurate and logical bridge from the evidence to [his] conclusions," remand is warranted on this issue. *Blakes*, 331 F.3d at 569. On remand, therefore, the ALJ must articulate a proper basis for his RFC determination, particularly as it relates to any postural limitations.

**B.     Other Issues**

Because the Court is remanding only on the errors identified above, it need not explore in detail the other arguments posited by Claimant on appeal since the analysis would not change the result in this case. The Commissioner, however, should not assume that the Court agrees with the ALJ's analysis of those issues. Similarly, Claimant should make no assumptions either. Rather, it is simply unnecessary for the Court to lengthen this Memorandum Opinion and Order by addressing Claimant's other arguments in a case that is being remanded anyway.

In conclusion, the Court expresses no opinion about the decision to be made on remand but encourages the Commissioner to do what is necessary to build a logical bridge between the evidence in the record and her ultimate conclusions, whatever those conclusions may be. *See, e.g., Myles v. Astrue,* 582 F.3d 672, 678 (7th Cir. 2009) ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusions"); *see Smith v. Apfel,* 231 F.3d 433, 437 (7th Cir. 2000); *Luna v. Shalala,* 22 F.3d 687, 693 (7th Cir. 1994).

## IV. CONCLUSION

For the reasons stated above, Claimant's Motion for Summary Judgment [ECF No. 18] is granted and the Commissioner's Motion [ECF No. 26] is denied. The decision of the Commissioner is reversed, and the matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: August 21, 2018